UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

FREEMAN DAVIS                                                                                 PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:12-CV-00064

U.S. MARSHALS SERVICE, *et al.*                                        DEFENDANTS

### **MEMORANDUM OPINION**

      This matter is before the court on the motion of the defendants to dismiss for lack of jurisdiction and for failure to state a claim (DN 6). For the reasons stated herein, that motion will be granted.

### BACKGROUND

      Plaintiff Freeman Davis filed a complaint in Jefferson County, Kentucky, Circuit Court naming the United States Marshals Service and unidentified Deputy United States Marshals as defendants. According to Davis's complaint, on August 18, 2009, he was attending court proceedings at the United States Courthouse in Louisville, Kentucky, when five unidentified United States Marshals "grabbed [him] with malice" and threw him down the courthouse steps. Davis alleged that he was injured and had to be rushed to a hospital via ambulance. Davis brought claims against the defendants for violating his First, Fourth, Fifth, Sixth, Seventh, Ninth, Tenth, and Fourteenth Amendment rights, for violating 42 U.S.C. § 14141 and 18 U.S.C. § 242, and for assault and wanton endangerment under KRS §§ 508.010(1)(a) and (1)(b), 508.020, & 508.060(1). As redress for his claims, Davis seeks compensatory and punitive damages of

$12,000,000. Defendants removed the case to this court pursuant to 28 U.S.C. §§ 1441 and 1442 and then moved to dismiss the complaint for lack of jurisdiction and for failure to state a claim.

**ANALYSIS**

*1. The Constitutional Claims*

A. Constitutional Claims Against the United States and Its Agencies

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* The United States has not waived its immunity to suits for money damages for alleged constitutional violations. *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir. 1990). Accordingly, Davis's constitutional claims against the United States Marshals Service must be dismissed for lack of jurisdiction.

B. Constitutional Claims Against the Unidentified Deputy United States Marshals

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), provides a cause of action for monetary damages against individual federal agents for violations of an individual's constitutional rights. However, *Bivens* claims have a one-year statute of limitations under Kentucky law. *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). Here, Davis claims that the events giving rise to his claims occurred on August 18, 2009. But he did not file his complaint until 2012, over two years after the alleged events occurred. Thus, it is clear that the one-year statute of limitations for *Bivens* claims precludes Davis's claims against the unidentified Deputy United States Marshals for violating his constitutional rights.

*2. The Federal and State Statutory Claims*

The remainder of plaintiff's claims are brought under federal and state statutes. However, none of those statutes provides a private cause of action. First, Davis claims that the defendants violated 42 U.S.C. § 14141. However, that statute, which authorizes the Attorney General of the United States to file a civil action to eliminate patterns and practices of governmental authorities that deprive individuals of their civil rights, does not create a private cause of action. *See Gray v. Michigan Dep't of Human Servs.*, 2010 WL 1755055, at *3 (E.D.Mich. Apr. 22, 2010). So, too, 18 U.S.C. § 242 provides for no private civil cause of action, but instead is a federal criminal statute. *Id.* (citing *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003)). Likewise, the Kentucky statutes under which Davis brings his claims for assault and wanton endangerment, KRS §§ 508.010(1)(a) and (1)(b), 508.020, & 508.060(1), are criminal statutes, and there is no indication that they provide private civil causes of action. Because none of the statutes Davis alleges the defendants violated have private causes of action, his claims under those statutes must be dismissed.

*3. Even Construing Plaintiff's Claims as Tort Claims, They Must Be Dismissed*

Finally, even if this court construes plaintiff's various claims as tort claims, rather than constitutional- or statute-based claims, the claims are still not viable and must be dismissed. As noted above, the United States and its agencies possess sovereign immunity absent a waiver. *Fed. Deposit Ins. Corp.*, 510 U.S. 471, 475 (1994). Through the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. ("FTCA"), the United States has waived its sovereign immunity for tort claims. 28 U.S.C. § 2674. However, a plaintiff's ability to bring a suit against the United States under the FTCA is conditioned on the exhaustion by the plaintiff of his or her administrative

remedies. 28 U.S.C. § 2675(a). In order to properly exhaust administrative remedies with respect to a tort claim, the claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). A tort claim is "presented" to the appropriate agency when the agency "receives" the claim. 28 C.F.R. § 14.2.

Here, the defendants have provided this court with various papers pertaining to Davis's administrative claim. Davis's claim form shows that Davis was seeking $12,000,000 for an injury that occurred on August 18, 2009. Davis dated the claim form August 16, 2011; an attached affidavit of service states that it was mailed on August 17, 2011. However, a stamp by the Marshals Service on the affidavit shows that the Marshals Service received the claim form on August 23, 2011. The defendants also submitted to this court a copy of the envelope in which the claim form was mailed, via certified mail, and a printout of the tracking information for that package from the United States Postal Service's website. The tracking information shows that the envelope containing the claim form was received by the Department of Justice on August 22, 2011. Ultimately, the Marshals Service denied the administrative claim as untimely because it did not receive the claim until more than two years after August 18, 2009, the date of the alleged incident.[1]

The fact that the Department of Justice did not receive the administrative claim until August 22, 2011, over two years after the date of the alleged incident, precludes any tort claim under the FTCA. As noted above, the administrative claim must be presented to the proper federal agency within two years after the claim accrues, 28 U.S.C. § 2401(b), and to be properly

---

[1] The Marshals Service also denied the administrative claim on the basis that it had reviewed the circumstances surrounding the claim and found "no evidence of negligence or wrongdoing on the part of any USMS employee."

presented the claim must be "receive[d]" by the agency, 28 C.F.R. § 1402. Otherwise, the tort claim will be "forever barred." 28 U.S.C. § 2401(b). Since the claim form was not received by the Department of Justice within two years of August 18, 2009, any tort claims asserted by Davis against the United States must be dismissed.[2]

Davis argues that he should receive an extra three days for serving his administrative claim under the mailbox rule of Rule 6(d) of the Federal Rules of Civil Procedure. However, the Federal Rules of Civil Procedure are not applicable to administrative complaints, but instead to civil actions in United States district courts. FED. R. CIV. P. 1. There is no mailbox rule for presentment of administrative claims within the meaning of 28 U.S.C. § 2401(b). *See* 28 C.F.R. § 1402; *Willis v. United States*, 1992 WL 180181, at *2 (6th Cir. 1992); *Bailey v. United States*, 642 F.2d 344, 347 (9th Cir. 1981). Accordingly, because Davis failed to properly present his administrative tort claims, to the extent that Davis's complaint is construed as asserting tort claims against the United States under the FTCA, those claims must be dismissed.

## CONCLUSION

The defendants' motion to dismiss will be granted. A separate order will issue in accordance with this opinion.

June 1, 2012

**Charles R. Simpson III, Judge**
**United States District Court**

D03

---

[2] This court also notes that Davis named the Marshals Service and individual Deputy Marshals as defendants, but under the FTCA, the only proper defendant is the United States. *See Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."). However, for the reasons stated in the main text, even had Davis properly named the United States as a defendant, any tort claims he is asserting would be required to be dismissed because of his failure to properly exhaust administrative remedies.

```
cc:   Plaintiff, pro se
      Counsel of Record
```

- 5 -